IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA     *
                             *
v.                           *      CR 113-274
                             *
SHELICA JESSICA DANIELS      *
```

# O R D E R

On December 23, 2021, Defendant Shelica Jessica Daniels filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in which she seeks to be released to home confinement[1] or to be resentenced to time served. The Government opposes the motion.

The compassionate release provision provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court must follow the applicable Policy Statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582(c)(1)(A); United States v. Bryant,

---

[1] The United States District Court does not have the authority to order home confinement. Rather, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted)).

996 F.3d 1243, 1262 (11th Cir. 2021) ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). Section 1B1.13 provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. The Application Note to the Policy Statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). The Application Note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). Because the Court has no indication that the BOP Director sanctions Defendant's release, this category is inapplicable.

Defendant's motion for relief first implicates the "serious medical condition" category, claiming that her obesity, diabetes, and schizophrenia make her a more serious health risk in the present circumstances of the COVID-19 pandemic. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional

2

facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A)(ii). Notably, two of Defendant's conditions – obesity and diabetes – are listed by the Centers for Disease Control ("CDC") as significant risk factors that place her "at increased risk of severe illness from the virus that causes COVID-19." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on February 15, 2022). Nevertheless, whether the Defendant's medical condition qualifies as sufficiently serious during the COVID-19 pandemic to warrant relief is not certain for several reasons. First, the medical records show that Defendant is receiving regular and appropriate medical care. (See generally Gov't Resp. in Opp'n, Doc. No. 65, Ex. A.) Second, Defendant has been fully vaccinated, which substantially minimizes her risk of exposure to COVID-19. Third, Defendant has already had COVID-19 and was asymptomatic; thus, her fear of contraction has been abated. Finally, the BOP reports that FCI Tallahassee currently has only 7 inmates and no staff members active with COVID. See www.bop.gov/coronavirus (last visited on February 15, 2022). In short, the Court cannot conclude that Defendant's medical condition has her uniquely positioned to be so adversely affected by COVID-19 that her release is warranted.

Defendant's motion also implicates the "family circumstances" category, stating that she needs to assist her mother in caring for her children and to assist her father who is paralyzed from a stroke. Application Note 1(C) provides only two categories of family circumstances that would constitute extraordinary and compelling circumstances: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 n.1(C). The extenuating circumstances of a defendant's father do not qualify as an extraordinary and compelling reason justifying release. Moreover, Defendant has not shown that her mother, who is presently caring for her children, is incapacitated. Accordingly, Defendant has failed to establish that she is entitled to compassionate release due to family circumstances.

Finally, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh against her release, particularly in light of the nature and circumstances of her offense. Also, Defendant received the benefit of a downward variance yet has nearly three years remaining on her sentence; early termination of her sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide

just punishment, or afford adequate deterrence. Thus, the Court will not exercise its discretion to release Defendant under the compassionate release provision.

Upon the foregoing, Defendant's motion for compassionate release (doc. no. 62) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of February, 2022.

　
_____
UNITED STATES DISTRICT JUDGE